IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**DERRICK FRANKLIN,**

    Defendant.

No. 1:20-cr-00260-AA-4

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a Motion for Release From Custody filed by Defendant Derrick Franklin. ECF No. 215. Mr. Franklin is charged by indictment with Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. § 1951; Conspiracy to Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846; and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). ECF No. 46.

Mr. Franklin was charged by criminal complaint on July 15, 2020 and appeared before Magistrate Judge Mark Clarke on July 16, 2020 and was ordered detained. ECF Nos. 1, 18, 19. Mr. Franklin was arraigned on the indictment on July 29, 2020 and again ordered detention. ECF

No. 80. A detention hearing was held before Judge Clarke on August 10, 2020 and Mr. Franklin was again ordered detained. ECF No. 105. Mr. Franklin filed the present motion requesting review of Judge Clarke's detention order on May 25, 2021. ECF No. 215. The Court heard oral argument on June 3, 2021.

Review of a magistrate judge's release or detention order is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Bail Reform Act ("BRA") governs the detention of a defendant pending trial. 18 U.S.C. § 3142. The BRA mandates the release of a person pending trial unless the court "finds no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). On a motion for pretrial detention, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Id.*

When, as here, there is probable cause to believe the defendant committed an offense under 18 U.S.C. § 924(c) or under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Although the presumption shifts the burden of production to the defendant, the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

If a defendant proffers evidence to rebut the presumption in favor of detention, a court can then consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse, and record concerning appearances at court proceedings; and (4) the nature and seriousness of the danger to any person of the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Hir*, 517 F.3d at 1086. The presumption is not erased when a defendant proffers evidence to rebut it. Instead, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.* (internal quotation marks and citation omitted).

As noted above, the rebuttable presumption in favor of detention applies in this case. The Court finds that Mr. Franklin has not provided sufficient evidence to overcome the presumption in favor of detention. Furthermore, the Court concludes that the § 3142(g) factors weigh in favor of continued detention. The nature and circumstances of the offense are deeply concerning, as is the weight of the evidence against Mr. Franklin. Although Mr. Franklin has presented evidence of a loving and supportive family, his history of drug abuse and criminal conduct weigh in favor of detention. In particular, the Court notes that Mr. Franklin was in violation of the conditions of his release from a previous conviction at the time of the instant offense and there is an outstanding probation warrant for Mr. Franklin. The Court likewise concludes that Mr. Franklin's history of violent offenses and parole violations present a danger to the community, should Mr. Franklin be released.

The Court concludes that the Government has carried its burden and that there is no set of conditions that would ensure Mr. Franklin's appearance at trial or ensure the safety of the community. The Court therefore DENIES Defendant Derrick Franklin's Motion for Release From Custody. ECF No. 215.

It is so ORDERED and DATED this __4th__ day of June 2021

    /s/Ann Aiken
ANN AIKEN
United States District Judge